MAYLIN SILVA ARIAS et al., Respondents, v PM PARTNERS, a General Partnership, Defendant, COMMERCE BANCORP, INC., Appellant, and 200 EAST 65TH STREET CONDOMINIUM et al., Respondents. T.D. BANK N.A., Formerly Known as COMMERCE BANCORP, INC., Third-Party Plaintiff-Appellant, v MILFORD MANAGEMENT CORP. et al., Third-Party Defendants-Respondents. [934 NYS2d 160]—

The trial court properly denied summary judgment because TD Bank failed to "tender[ ] sufficient evidence to demonstrate the absence of [a] material issue[ ] of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) regarding whether it created the defect that caused plaintiff's accident. The only evidence on which TD Bank relied, the testimony of an employee of the property manager, who was not employed by TD Bank, and

whose testimony provided no basis to conclude that he would have been aware if TD Bank or someone in its control created a defect in the sidewalk, was inadequate to make out the required prima facie showing that neither TD Bank nor someone under its control created the defect (*compare Martinez v Hunts Point Coop. Mkt., Inc.*, 79 AD3d 569, 570 [2010]).

In light of the foregoing, the court correctly denied summary judgment as to the indemnification claims. Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.